(Reap. Dec. 10842)

ANDREW FISHER CYCLE CO., INC. *v.* UNITED STATES

Entry No. 577, etc.

(Decided November 4, 1964)

*Brooks & Brooks* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule A, attached to and made a part of the decision herein, present the question of the proper dutiable value of certain bicycle tires and tubes, and rimtapes, rimbands, or tapes, exported from Holland.

The parties hereto have submitted said appeals for decision upon a written stipulation of fact, the pertinent portion of which is quoted below—

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States were the invoiced unit prices as entered.

IT IS FURTHER STIPULATED AND AGREED that the appeals to reappraisement herein may be submitted for decision on this stipulation.

Upon the agreed facts of record, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. § 1401a (b)), is the proper basis of value for the tires and tubes, and rimtapes, rimbands, or tapes in issue and that said value is represented by the invoiced unit prices as entered. As to all other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.